THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* CRAIG J. NELSON, Respondent.

Argued October 8, 1948; decided November 24, 1948.

*Daniel J. O'Mara, District Attorney* (*Harry L. Rosenthal* of counsel), for appellant. I. The City Court, Criminal Branch, retained jurisdiction of the charge of leaving the scene of an accident in violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law and no authority existed for the consideration of that charge before the grand jury hearing evidence of the charge of criminal negligence resulting in the death of an individual in violation of section 1053-a of the Penal Law. (Charter of City of Rochester, §§ 474, 479.) II. Section 270 of the Code of Criminal Procedure is not applicable as there had been no dismissal of the charge of leaving the scene of an accident. (*People* v. *Sebring,* 14 Misc. 31; *People* v. *Kelly,* 140 Misc. 377; *People ex rel. Hirschberg* v. *Orange County Court,* 271 N. Y. 151.)

*George J. Skivington* for respondent. I. The grand jury had jurisdiction to inquire into and to indict on this misdemeanor charge. (*People* v. *McCarthy,* 168 N. Y. 549; Code Crim. Pro.,

§§ 56, 59; *People* v. *Hovey,* 92 N. Y. 554.) II. The grand jury did inquire into this misdemeanor charge. III. The grand jury dismissed this criminal charge. (Code Crim. Pro., § 269; *Matter of Knight,* 176 Misc. 635; *People* v. *Kelly,* 140 Misc. 377.) IV. The grand jury having considered and inquired into the misdemeanor charge and having found no indictment thereon, and having, in effect, dismissed the charge, section 270 of the Code of Criminal Procedure prevented its further prosecution in the City Court without an order as therein required.

FULD, J. A pedestrian was struck and killed by a hit-and-run driver crossing a street in Rochester. Police investigation led to defendant as the operator of the automobile. After he admitted that he had driven the car and had failed to report the incident, he was arrested and charged with two separate and distinct crimes — the felony of criminal negligence, in that he operated his automobile '' in a reckless or culpably negligent manner '' whereby a person was killed (Penal Law, § 1053-a), and the misdemeanor of leaving the scene of an accident (Vehicle and Traffic Law, § 70, subd. 5-a). Separate informations were filed against him in the City Court of the City of Rochester. Arraigned upon both charges on December 5, 1947, defendant appeared with his attorney and pleaded not guilty to each of them. Trial on the misdemeanor and a hearing on the felony — as to which the city court had jurisdiction to determine only whether defendant should be held for action by a grand jury — were adjourned to December 17, 1947, and on that day to January 21, 1948.

In the meantime, witnesses were called before the grand jury of Monroe County, and they gave evidence as to defendant's driving his car at about the time the accident occurred, as to his hitting the victim, as to his departing the scene without reporting the occurrence, and as to his admissions. At his own request and after having signed a waiver of immunity solely in connection with the charge of criminal negligence, defendant himself went before the grand jury.

On the day to which the adjournment had been taken in the city court, the district attorney, advising that the grand jury had reported a '' ' No Bill ' on the felony charge '', suggested dismissal of the information accusing defendant of that crime; that application was, of course, granted. When, however, the

prosecutor announced that the People were ready to proceed with the trial of the misdemeanor of leaving the scene of an accident, defendant moved to dismiss that charge as well; he contended that it also had been presented to the grand jury and had likewise been dismissed and that, as a result thereof, no further prosecution could be had in the absence of the order called for by section 270 of the Code of Criminal Procedure. That section provides that " The dismissal of the charge, whether it be a felony or misdemeanor, does not * * * prevent its being again submitted to a grand jury or its being prosecuted in a court of special sessions, police court or city court, having jurisdiction to try and determine such charge, if the county judge of the county or justice of the supreme court so directs. But without such direction, it cannot be again submitted or further prosecuted."

The city court judge heard all the witnesses and then, at the conclusion of the entire case — noting that the same witnesses testified before him as had appeared before the grand jury and that the substance of their testimony was " practically the same " — agreed with the position urged by defendant and granted his motion to dismiss the information. On appeal to the county court, the order of dismissal was affirmed.

Decision herein necessarily turns upon whether the misdemeanor charge of leaving the scene of an accident was dismissed by the grand jury. If — as the People contend — the grand jury, because of a provision contained in the Rochester City Charter, lacked jurisdiction to inquire into or indict for the misdemeanor, then there could have been neither presentation nor dismissal of the charge. The view which we take, however, renders determination of that question unnecessary, for the record plainly establishes that, in point of fact, the grand jury neither considered nor disposed of the misdemeanor charge.

Of no consequence here is the circumstance that the grand jury heard evidence which might have supported the misdemeanor accusation. Testimony there was relating to defendant's conduct after the accident but unquestionably that was adduced simply to round out the picture of the events surrounding the fatal mishap, perhaps in an effort to bolster proof of defendant's guilt of criminal negligence by proving that he fled the scene. Except for the coincidence that they

allegedly occurred in swift succession, the felony and misdemeanor charges are completely distinct; they require proof of entirely different facts and the application of wholly different rules of law. Certainly, leaving the scene of an accident is not in any sense included in the crime of felonious criminal negligence, and it cannot be said that, because the grand jury, in considering the felony charge, heard evidence bearing on defendant's actions at the time and place of the alleged misdemeanor, it necessarily considered that crime.

Before a grand jury may be said to have acted upon a charge, there must be some indication that it knew about and considered the charge. Not only is there nothing in the record before us so indicating, but everything points the contrary conclusion. The district attorney expressly declared — in advising the city court " There is ' No Bill' on the felony charge " — that the misdemeanor charge had not been presented to the jury. In addition, while the information relating to the felony bears the indorsement " ' No Bill ' ", the misdemeanor accusation has no similar notation. By the same token, though the record card of the city court lists the " DISPOSITION " of the criminal negligence charge as " No Bill Jan. 1948 " grand jury, the " DISPOSITION " of the charge of leaving the scene shows only adjournments up to the date of its dismissal on defendant's motion. Finally, and of the utmost significance, in requesting the opportunity to appear before the grand jury and testify " concerning the matters there under investigation ", defendant signed a waiver of immunity wherein it was explicitly recited that the grand jury was conducting only " a criminal proceeding in which evidence has been given * * * tending to connect me with the crime of Criminal Negligence "; there was not a word or suggestion about the other crime.

In short, entirely lacking in the case is the essential showing that the grand jury dismissed the charge of leaving the scene of an accident or, indeed, that it even considered such an accusation.

The orders should be reversed and a new trial ordered.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and DYE, JJ., concur.

Orders reversed, etc.