Bernard Tomson, J.
This is a motion by the defendant for an order to dismiss the informations pending against him. He is here charged with violation of section 130.38 of the Penal Law — consensual sodomy, and of subdivision 3 of section 240.35 of the Penal Law — loitering.
The defendant’s motion seeks dismissal of both informations on the basis that the complaining officer testified before the Grand Jury as to the incidents relating to the current charges. The Grand Jury did not charge the defendant with any of the *697 offenses in the subject informations but did charge the defendant with assault in the second degree. The defendant in the County Court of Nassau County was convicted of assault in the third degree. This motion assumes, arguendo, that the testimony offered to the Grand Jury included testimony concerning the offenses charged in the current informations.
Section 59 of the Code of Criminal Procedure and section 2003 of the TJDCA state in effect that if before the commencement of a trial of any person accused of a misdemeanor the Grand Jury shall present an indictment against the same person for the same offense this court shall be divested of jurisdiction. Since no indictment was presented for the charges specified in the aforesaid informations this court has not lost jurisdiction under section 59 of the 'Code of Criminal Procedure or section 2003 of the TJDCA.
The defendant appears to rely on section 270 of the Code of Criminal Procedure. It reads:
11 Effect of Dismissal. The dismissal of the charge, whether it be a felony or misdemeanor does not, however, prevent its being again submitted to a grand jury or its being prosecuted in the criminal court of the city of New York, a court of special sessions, police court or city court, having jurisdiction to try and determine such charge, if the county judge of the county or justice of the supreme court so directs. But without such direction, it cannot be again submitted or further prosecuted.” If the Grand Jury dismissed the charges recited in the current informations no further prosecution could be had-without the direction of a County Court Judge or Supreme Court Justice. The defendant obviously takes the position that the offering of some testimony and the failure to indict for the charges constitute a dismissal. This is, however, not the case.
Section 269 of the Code of Criminal Procedure reads as follows : “If twelve grand jurors do not concur in finding an indictment, the depositions (and statements, if any) transmitted to them, must be returned to the court, with an endorsement thereon, .signed by the foreman, or by the grand juror designated to act as foreman during the temporary absence or disability of the foreman, to the effect that the charge is dismissed.” This statutory requirement that the foreman of the Grand Jury sign an indorsement that there has been a dismissal has been carried into the case law (Matter of Osborne, 68 Misc. 597, 601).
The determination of this motion turns on what constitutes a dismissal. There is case law on the subject. In People v. Kelly (140 Misc. 377) the defendant was indicted for the crime *698 of sodomy on the first day of May, 1931, by the Grand Jury. He contended that the April Grand Jury had considered the charge and dismissed it and that therefore under sections 269 and 270 of the Code of Criminal Procedure, he should not have been prosecuted without the direction of a Supreme Court or County Court Judge. The court there defined a dismissal as follows (p. 379): “ A dismissal of a charge means that there has been a hearing by competent authority, an examination of the evidence and a conclusion reached which would or would not warrant the submission of any question to a trial jury. To constitute a dismissal, some definite action must have been taken by the grand jury in accordance with section 269 of the Code of Criminal Procedure. This conclusion is amply supported by the authorities. (See Joyce, Indictments [2d ed.], § 129; 31 C. J. p. 586, § 51; United States v. Simmons, 46 Fed. 65; People ex rel. Flinn v. Barr, 140 Misc. 422; People ex rel. Picard v. Sheriff, 11 N. Y. Civ. Proc. 172.) For the reasons assigned this motion must be denied.” (Emphasis added.) The reasoning in this case was followed in People v. Pack (179 Misc. 316, 323). (See, also, People v. Benson, 208 Misc. 138, 141.)
The defendant in his brief indicates his awareness of People v. Kelly (140 Misc. 377, supra) and its requirements. Counsel contends that People v. Nelson (298 N. Y. 272) modified the statutory prerequisites contained in section 269 of the Code of Criminal Procedure.
Although there is considerable discussion of the facts, the precise holding in People v. Nelson (supra, p. 276) was limited to the following: “ In short, entirely lacking in the case is the essential showing that the grand jury dismissed the charge of leaving the scene of an accident, indeed, that it even considered such an accusation.” This holding does not require a determination that the court modified the statutory prerequisite spelled out in section 269 of the Code of Criminal Procedure.
People ex rel. Flinn v. Barr (259 N. Y. 104) is clearly distinguishable. In that case there was no question or dispute about the fact that the Grand Jury did dismiss the charges. The question here is whether or not the court has reviewed the records of the Nassau County Court Grand Jury minutes on Indictment No. 25138 of February 15,1968, in which this defendant was indicted for assault in the second degree. Notation of that charge is on file and signed by the foreman of the Grand Jury. There is no indorsement of any definitive action as to the charges contained in the informations which are the subject matter of this motion. Since-there has been no showing that *699 the Grand Jury dismissed the charges in accordance with the requirements of section 269 of the Code of Criminal Procedure, there is no statutory prohibition against these prosecutions. Accordingly, the defendant’s motion is denied in all respects.