William C. Brennah, J.
Motion to dismiss this Indictment, No. 1249/72, on the ground that it resulted from a Grand Jury presentation not authorized by court order.
CPL 190.75 provides:
“ 1. If upon a charge that a designated person committed a crime, either (a) the evidence before the grand jury is not legally sufficient to establish that such person committed such crime or any other offense, or (b) the grand jury is not satisfied that there is reasonable cause to believe that such person committed such crime or any other offense, it must dismiss the charge. In such case, the grand jury must, through its foreman or acting foreman, file its finding of dismissal with the court by which it was impaneled * * e
*712 “ 3. When a charge has been so dismissed, it may not again be submitted to a grand jury unless the court in its discretion authorizes ox directs the people to resubmit such charge to the same or another grand jury. If in such case the charge is again dismissed, it may not again be submitted to a grand jury.”
The court has examined the Grand Jury minutes of both sessions herein referred to. The first was held on February 7, 1972, at which time testimony was given as to two separate assaults by persons, including these defendants, which resulted in injuries to two men, the first alleged assault upon one Matlick, the other to one Schmalholz. The Grand Jury then indicted these defendants and two other men for the alleged assault upon said Matlick, Indictment No. 415/72. The minutes consist of testimony of witnesses only. There is no preliminary or concluding statement by the Assistant District Attorney. Inquiry by the court concerning the whereabouts of any such statements, if they were in fact made, has been to no avail. A second session of the Grand Jury was held on April 5, 1972 and on April 12,1973, which resulted in Indictment No. 1249/72, which is the subject of the present challenge. Four men, including the defendants, were named in this indictment for the alleged assault upon said Schmalholz. The latter did not testify at the February, 1972 session, but did testify at the later session. Except for Matlick, the other witnesses at .the last session were the same as those who testified at the first. Both assaults were fully described by the testimony given in both sessions. No charge was handed up concerning the alleged assault upon Schmalholz until the close of the second session in April, 1973. Resubmission to the Grand Jury was not authorized by the court.
Opposing the motion, the People point out that Schmalholz did not testify in February, 1972, saying “ some evidence concerning the assault on Larry Schmalholz was heard by the Grand Jury”, and further point out that the Grand Jury findings make no mention of the dismissal of any charges concerning the assault on Schmalholz. The People argue that before a Grand Jury may be said to have considered a charge, there must be some indication that it knew about and considered the charge. (People v. Nelson, 298 N. Y. 272, 276; People ex rel. Raimondi v. Jackson, 277 App. Div. 924.) The court readily agrees with this contention. However, .the court finds that substantially the same evidence was presented to both Grand Juries. Nothing other than possible surplusage was added by *713 Schmalholz, the victim of the second assault. In Nelson, as the learned Judge Fuld, now Chief Judge, pointed out (p. 275): ‘ ‘ for the record plainly establishes that, in point of fact, the grand jury neither considered nor disposed of the misdemeanor charge ”. In Jackson, only one witness was called. He declined to identify relator as the murderer and, in the words of the court: “It is clear that the District Attorney thereupon abandoned the presentation ’ ’.
In the case before this court there is nothing in the record that would establish that the Grand Jury in the February, 1972 session did not consider or dispose of the charge involving Schmalholz. At that time the witnesses testified in the same detail as to both alleged assaults. And I might add parenthetically that the one witness, Anita Blbaum, the Grand Jury minutes disclose, at the end of the testimony was recalled, reminded that she was still under oath, and was specifically questioned as to the assault upon Schmalholz. In the absence of preliminary or concluding remarks, if any, of the Assistant District Attorney the court can only fairly assume that both assaults, concerning which there was such detailed testimony, were considered by the Grand Jury and, further, inasmuch as the indictment resulting, No. 415/72, only dealt with the Matlick assault, that the Grand Jury found no indictment as to the Schmalholz assault.
The statute does provide for the filing of a dismissal which, apparently, was not done. The People now ask the court to hold that such failure on the part of the Grand Jury, through its foreman, permitted resubmission without court approval.
In his commentary (McKinney’s Cons. Laws of N. Y., Book 11A, CPL 190.75, p. 175) Richard G. Denzer points out that sections 269 and 270 of the Code of Criminal Procedure, from which CPL 190.75 was derived, were enacted to prevent the abuses of overzealous prosecutors repeatedly submitting the same charges to Grand Juries until getting an indictment. The brakes were intended to be applied to Judges as well, as indicated by the limitations contained in subdivision 3.
This court cannot agree that the Legislature intended that by the simple subterfuge of failing to file a dismissal, the salutary purpose of the statute may be frustrated. In People ex rel. Flinn v. Barr (259 N. Y. 104), cited by the defendants, the meaning, intent and spirit of the statute is fully discussed. The desirability of an early disposition of the instant application limits the time which would be required to quote therefrom at length. Accordingly, in lieu thereof, this court recommends *714 examination of the opinion of the learned Judge Hubbs. Suffice to say here, the indictment in violation of the provisions of the statute was there held absolutely void.
The motion to dismiss the later Indictment, No. 1249/72, is granted with leave to the District Attorney to resubmit to the Grand Jury within 30 days from the date hereof.