Albert A. Oppido, J.
The petitioners, proceeding by an order to show cause, seek an order, pursuant to CPLR 7801 et seq., prohibiting respondent, William Cahn, District Attorney of Nassau County, from prosecuting and respondents, Judges of the District Court, Nassau County, from hearing informations pending against petitioners for various misdemeanors arising from incidents on August 26, 1973 and October 12, 1973.
Petitioners, each of whom pleaded not guilty to the charges, aver that they were witnesses to acts of police brutality against one, Gerard F. Daly, and each demanded that they be allowed to testify before the Grand Jury as to their observations and also as to their own involvement. They claim there was an agreement between their attorney and Assistant District Attorney Victor M. Regan (hereinafter referred to as A. D. A. Regan), whereby these petitioners would sign waivers of immunity and testify before the Grand Jury regarding these incidents in exchange for which A. D. A. Regan agreed that he would submit to the Grand Jury all of the charges pending against petitioners and that nothing petitioners testified to before the Grand Jury would be used against them at any future time. On this basis all of the petitioners executed waivers of immunity and testified before the Grand Jury. Petitioners further contend that the Grand Jury heard the evidence, but took no action and that the informations against the five petitioners are still pending in the District Court.
Petitioners assert that respondents should be prohibited from continuing the prosecution of the informations because the agreement they had with the office of the District Attorney was breached. Specifically, in reliance upon that part of the agreement, whereby A. D. A. Regan promised to present their cases to the Grand Jury, petitioners did not make a motion, pursuant to CPL 170.25, thereby prejudicing their right to have the Grand Jury consider and determine the nature of the charges against them (CPL 190.60).
A. D. A. Regan in a hearing on the motion on October 7,1974 admitted he had an agreement with petitioners and that the agreement was substantially in conformity with that claimed by petitioner.
*705 The first issue before this court is whether the agreement between petitioners’ attorney and A. D. A. Began had the same effect as if a motion, pursuant to CPL 170.25 had been granted. This section provides that a superior court can order misdemeanor charges be prosecuted by indictment and the District Attorney must present such charges to the Grand Jury. Because of their agreement, petitioners believed there was no further need to make a formal motion. In fact, A. D. A. Began acknowledged that the agreement was equivalent to a motion to have the misdemeanor charges presented to the Grand Jury, and that both sides expected the Grand Jury to vote on the pending misdemeanors and violations.
It is not necessary for this court to speculate as to whether such an order would have been granted had the motion been made. Fundamental fairness dictates that, when there has been an agreement between prosecution and defense, such agreement cannot be disregarded if prejudice results to defendants (see Santobello v. New York, 404 U. S. 257; People v. Carter, 73 Misc 2d 1040, affd. 41 A D 2d 905). It is also of no significance that the prosecutor’s failure to fulfill his part of the bargain was inadvertent (Santobello v. New York, supra). There is no question here of the good faith of A. D. A. Began. However, since both parties contemplated Grand Jury action, petitioners did prejudice themselves by not filing a timely motion and respondents cannot now use such failure against them (see People v. Carter, supra).
Therefore, this court proceeds on the basis that the agreement between petitioners and A. D. A. Began had the same force and effect as if such a motion had been made and granted.
This brings us to the second issue which is the effect of the Grand Jury’s inaction.
CPL 190.60 gives the Grand Jury four options: (1) it may indict; (2) direct the District Attorney to file a prosecutor’s information; (3) dismiss the charges; or (4) submit a Grand Jury report. The Grand Jury must take one of the options provided in this section; it cannot fail to act.
This court has read all of the Grand Jury minutes pertaining to the incidents upon which the pending informations are founded. It is clear that the Grand Jury heard and considered all of the evidence regarding the charges. It is also apparent that the prosecutor did not clearly set forth in his directions to the Grand Jury on April 23, 1974 that they must act on these charges, although he acknowledged to the grandjurors that they *706 had sufficient evidence to do so and that the charges were all part of the same investigation.
. Although the court is aware that a dismissal must he filed (GPL 190.75), we believe that the Grand Jury’s failure to take any action cannot now be used to the detriment of petitioners (People v. DeLio, 75 Misc 2d 711).
Therefore, since the Grand Jury, upon hearing and considering all of the evidence, did not indict or direct the District Attorney to file a prosecutor’s information, the respondents cannot use this mere failure to formally file a dismissal as a means of continuing the prosecutions herein. This would violate the spirit of justice and fair play upon which our judicial system is founded.
Before closing the court wishes to comment on respondents’ claim that the remedy of prohibition is unavailable under the circumstances of this case.
Pursuant to CPLB .7803 (subd. 2), this court may rule on ‘ ‘ whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction.” It follows logically from our previous conclusions herein that since GPL 170.25 divests the District Court of jurisdiction, any further action by the District Court in hearing these informations would be without authority (see People v. Monahan, 257 N. Y. 388; People ex rel. Kohut v. Hendrickson, 249 App. Div. 528).
Bespondents cite Matter of Hogan v. Court of General Sessions of County of N. Y. (296 N. Y. 1), in support of their proposition that no right to relief in the nature of prohibition lies herein. However, the court notes that one of the two writs of prohibition sought in that case was granted. The opinion quotes from Matter of Culver Contr. Corp. v. Humphrey (268 N. Y. 26, 39), to wit (p. 9): “ It is not available ordinarily as a method of premature appeal. Nevertheless, where the lower court is exceeding its jurisdiction and the writ or order furnishes a more effective remedy, it may be availed of although the error might be corrected by appeal.” (See, also, McCabe v. County Court of County of Bronx, 24 Misc 2d 472.)
In summary, this court finds that the agreement between petitioners and A. D, A. Began has the effect of an order granted under GPL 170.25; that the Grand Jury was obliged to make a determination pursuant to GPL 190.60, but failed to do so; that the failure to formally file a dismissal cannot now be used in derogation of petitioners’ rights; that the District Court is divested of jurisdiction; and that the remedy sought is proper.
Accordingly, the court grants petitioners’ application for a writ of prohibition.