OPINION OF THE COURT
E. Leo Milonas, J.
The defendant was indicted on January 28, 1977 for the crime of murder in the second degree. After all the preliminary proceedings had been completed, the matter was sent out to trial. The jury, however, was unable to agree on a verdict, and a mistrial was declared on June 22, 1978. It was during the course of the trial that the defense lawyer first learned that the People had initially begun their Grand Jury presentation on or about November 9, 1976 but later withdrew the case from the Grand Jury’s deliberation. The District Attorney subsequently submitted evidence against the defendant to a new Grand Jury, which voted to indict him.
The defendant now moves for an evidentiary hearing on the question of whether the People were warranted in aborting the first presentation and then commencing a second one without obtaining prior court authorization. Although the *738 defendant also contends that the prosecution failed properly to instruct the members of the Grand Jury as to manslaughter in the first and second degrees, this issue should have been raised at the pretrial stage. Therefore, the court will limit itself to consideration of the District Attorney’s conduct in pulling the matter out of one Grand Jury and bringing it before another.
An inspection of the minutes of the first Grand Jury proceeding reveals that the members of that jury were activists, participating in the interrogation and demanding that certain witnesses be called and recalled. The second Grand Jury, on the other hand, did not similarly directly involve itself in the taking of evidence but was content to allow the People to submit their case. According to the position of the District Attorney, the prosecution is not compelled to seek leave from the court to present a particular matter to a second Grand Jury where there was no action, vote or return by the first Grand Jury. In support of his argument, he cites People ex rel. Raimondi v Jackson (277 App Div 924, mot for rearg and mot for lv to app den 277 App Div 954) which held that the old Code of Criminal Procedure contemplated a full consideration by one Grand Jury and subsequent resubmission so that the People were justified in proceeding without court permission to re-present. However, in that case, the prosecution had introduced one witness and then abandoned its efforts when the witness declined to identify the accused as the murderer. Only at a later date was the matter completely brought before a Grand Jury and an indictment procured.
In the instant situation, the People had apparently completed their submission to the first Grand Jury and withdrew the matter after the members decided that they wished to hear other witnesses. Certainly, in the absence of more facts than are available from the moving papers, the District Attorney’s response thereto, and the minutes of the two Grand Jury proceedings, the impression which is left is that the People simply preferred to deal with a more compliant Grand Jury. Unfortunately, neither the statute nor prior judicial authority furnishes much assistance in determining whether the District Attorney, in turning to a second Grand Jury, acted within his prosecutorial discretion.
CPL 190.60 states that:
"After hearing and examining evidence as prescribed in section 190.55, a grand jury may:
*739 "1. Indict a person for an offense, as provided in section 190.65;
"2. Direct the district attorney to file a prosecutor’s information with a local criminal court, as provided in section 190.70;
"3. Dismiss the charge before it, as provided in section 190.75;
"4. Submit a grand jury report, as provided in section 190.85.”
In Mooney v Cahn (79 Misc 2d 703) the court interpreted this provision as requiring the Grand Jury to follow one of the options laid down in this section; it could not, however, fail to act. (See, also, People v De Lio, 75 Misc 2d 711.)
Notwithstanding Mooney, this court is not convinced that CPL 190.60 mandates that a Grand Jury, after it has begun to listen to evidence in connection with a certain matter, must pursue one of the four specified alternatives and may therefore never, during the pendency of the proceeding, discontinue its consideration. For one thing, the section uses the term "may” in describing the options available to the Grand Jury and, for another, CPL article 190 contains certain ambiguities in its recitation of the duties and authority of the prosecution in respect to the Grand Jury. The question of whether the People may abort a Grand Jury presentation in progress, and under what circumstances, is apparently one of those gaps. Therefore, in the opinion of the court, each situation must be examined individually to determine whether the prosecution’s conduct was proper within the facts of that case or whether it was merely a pretext to circumvent the function of the Grand Jury. Consequently, the defendant’s motion for a hearing is hereby granted.