OPINION OF THE COURT
Henderson W. Morrison, J.
Defendant has been charged with criminal sale of a controlled substance to an undercover agent. Defendant contends that he did not sell the controlled substance, but instead purchased it from the undercover agent.
*737 Defendant waived immunity and testified before the Grand Jury. During his testimony he stated he underwent a polygraph test as to the truthfulness of his statement that he purchased, not sold, the controlled substance and that the test results were in his favor. The District Attorney abruptly stopped the proceedings and withdrew the case from the consideration of the Grand Jury.
The District Attorney of Nassau County is asking this court to issue an order directing defendant not to present evidence of the administration and result of any polygraph test to the Grand Jury, and for a further order directing defendant’s attorney to advise his client not to offer such evidence to the Grand Jury.
"When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf’. (CPL 190.50, subd 5, par [a].) "Upon appearing * * * and upon signing and submitting to the grand jury a waiver of immunity pursuant to section 190.45, such person must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration” (CPL 190.50, subd 5, par [b]). Failure to afford the defendant an opportunity to offer any material and relevant testimony may result in dismissal of the indictment. (CPL 190.50, subd 5, par [c]; People v Benin, 186 Misc 548.)
As noted earlier, during the course of the defendant’s testimony before the Grand Jury, the defendant offered testimony concerning the administration and results of a polygraph examination. Such testimony is clearly inadmissible.
The Court of Appeals has clearly stated its position concerning the admissibility of lie detector evidence:
"Although perfection in test results is not a prerequisite to the admissibility of evidence obtainable by the use of scientific instruments, the rule has been to grant judicial recognition only after the instrument has been sufficiently established to have gained general acceptance in the particular field to which it belongs. (Wigmore, Evidence [3d ed], § 990.)
"Applying this standard, it is clear that the record before us does not adequately establish the reliability of the tests to be admissible in evidence. As previously indicated, the criterion for interpretation of the test chart has not as yet become *738 sufficiently definite to be generally reliable so as to warrant judicial acceptance; nor can it be said that the examiner’s opinion demonstrates reasonable certainty as to the accuracy of the polygraph test in most instances.” (People v Leone, 25 NY2d 511, 517.)
The court has not deviated from the view taken in Leone. (People v Allweis, 48 NY2d 40.) Those New York cases permitting the introduction of polygraph results arose from specific factual situations not germane to this application and rely on no authority more persuasive than the Court of Appeals. (Cf. People v Vernon, 89 Misc 2d 472; Matter of Stenzel v B., 71 Misc 2d 719; Walther v O’Connell, 72 Misc 2d 316.)
Evidence is relevant when "it logically renders the existence of a material fact more likely or probable than it would be without the evidence.” (Richardson, Evidence [10th ed], § 4.) Lie detector evidence is incompetent because it is an unreliable indicator of the truth of the matter it is offered to prove. Since it lacks probative value, such evidence cannot be either relevant or material. Since the defendant’s right to testify before the Grand Jury is limited to the presentation of relevant and competent evidence, he has no right to present evidence concerning the administration and results of a polygraph test.
Although the court agrees with the District Attorney’s opinion as to the admissibility of polygraph evidence, the relief sought by this application is inappropriate at this time. The legal advisor to the Grand Jury, in the first instance, is the District Attorney.
"5. Wherever it is provided in article sixty that the court in a criminal proceeding must rule upon the competency of a witness to testify or upon the admissibility of evidence, such ruling may, in an equivalent situation in a grand jury proceeding, be made by the district attorney.
"6. Wherever it is provided in article sixty that a court presiding at a jury trial must instruct the jury with respect to the significance, legal effect or evaluation of evidence, the district attorney, in an equivalent situation in a grand jury proceeding, may so instruct the grand jury.” (CPL 190.30.)
It is clear that the statute envisions the District Attorney making the original ruling on the admissibility of lie detector evidence. "If a court must rule on the competency, admissibility, and legal effect of evidence prior to its submission to a *739 Grand Jury, the traditional function of that body will be delayed and impaired to the point where it would cease to perform a useful purpose. Adding yet another layer of motions upon our already overburdened criminal courts would create the certainty of prejudice for all criminal defendants” (People v Adams, 81 Misc 2d 528).
Based on the foregoing, this motion is in all respects denied.