■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLIN FRANK, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Collins, J.), rendered July 11, 1980, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. No opinion. Lazer, Cohalan and Weinstein, JJ., concur.

Hopkins, J.P., dissents and votes to reverse the judgment and dismiss the indictment, with leave to the prosecution to apply for an order permitting resubmission, with the following memorandum: Defendant has been convicted on his plea of guilty of criminal possession of a controlled substance in the third degree. Prior to indictment the defendant waived immunity and testified before the Grand Jury. He testified that he had not sold cocaine on the occasions in question but had, rather, purchased it. The defendant then asserted that he had taken a polygraph test, and that by this test the veracity of his testimony had been supported. He offered to introduce before the Grand Jury the results of the test. The prosecutor immediately called the Grand Jury into recess and withdrew the case from that Grand Jury. Thereafter the prosecution moved for an order precluding the defendant from presenting polygraph test evidence before any future Grand Jury. Although the court denied the motion on the ground that it was within the province of the prosecutor to instruct the Grand Jury on the admissibility of such evidence and not the court, the court stated in dicta that the polygraph evidence was not admissible before a Grand Jury (see *People v Frank,* 101 Misc 2d 736). The District Attorney then presented the case to a new Grand Jury. The defendant and the District Attorney entered into a stipulation whereby the defendant was permitted to place a statment on the records of the Grand Jury "in the absent [sic] of any grand jurors" to the effect that the defendant (1) would offer polygraph evidence before the Grand Jury in the belief that it was proper to do so, (2) the defendant excepted to the dictum of Criminal Term that polygraph evidence was inadmissible, and (3) the defendant did not waive, by testifying before the Grand Jury, his claim that he had been deprived of testifying fully before a Grand Jury in that polygraph evidence has not been allowed to be presented by him, and his claim that the District Attorney did not have the authority to re-present the case, without a court order, after the District Attorney had withdrawn the matter from a previous Grand Jury. Thereafter, the defendant again waived immunity and testified before the Grand Jury, in accordance with the stipulation. The Grand Jury indicted the defendant for criminal sale of a controlled substance in the second, third and fifth degrees, and criminal possession of a controlled substance in the third degree. The defendant then moved to dismiss the indictment on the grounds (1) that the prosecutor was not authorized to re-present the case to a second Grand Jury without a court order, and (2) that the prosecutor had improperly prevented the defendant from presenting polygraph evidence to the Grand Jury, and thus had abridged the defendant's right to testify before the Grand Jury. That motion was denied by the County Court, which held that court approval for the resubmission of the matter to the second Grand Jury was not required, since

the first Grand Jury did not dismiss the charges; the court also held that the defendant's right to testify before the Grand Jury had not been infringed, since polygraph evidence was inadmissible. The defendant then pleaded guilty to criminal possession of a controlled substance in the third degree, in satisfaction of all the counts in the indictment. I conclude that the defendant's rights were violated by the procedures adopted by the prosecution before the Grand Jury. Although the defendant has pleaded guilty, the plea does not waive any jurisdictional defect in the proceedings before the Grand Jury. CPL 190.75 (subd 3) provides that when a charge has been dismissed by a Grand Jury, it may not again be submitted, unless the court authorizes or directs the People to resubmit such charge to the same or another Grand Jury. In interpreting the provisions of section 270 of the Code of Criminal Procedure (the predecessor of CPL 190.75), it was held that an indictment returned in derogation of the statute is void, because the second Grand Jury would be acting without jurisdiction *(People ex rel. Flinn v Barr,* 259 NY 104, 108). It is clear that the statute is calculated to deter the District Attorney from continuing to present evidence against an accused before successive Grand Juries, until finally an indictment is voted against the accused. The statutory purpose is to avoid the harassment of an individual by a prosecutor, and the policy underlying the statute is similar to the constitutional proscription preventing an individual from being placed in double jeopardy for the same charge. Thus, it has been held that once a Grand Jury hears evidence in a case presented to it, it must take some action in the matter, or else the case will be considered to be dismissed (cf. *Mooney v Cahn,* 79 Misc 2d 703; *People v Westbrook,* 79 Misc 2d 902; *People v Wilkins,* 95 Misc 2d 737; see, also, *Matter of McGinley v Hynes,* 75 AD2d 897, revd on other grounds 51 NY2d 116). It is true that the first Grand Jury did not dismiss the charges against the defendant on the record; nevertheless, it is also true that the prosecutor deliberately balked the disposition of the matter by the first Grand Jury in abruptly withdrawing the matter from its consideration. There is nothing in the record to indicate the reasons for the prosecutor's actions. We may speculate that the prosecutor believed that the Grand Jury had been unduly influenced by the references to the polygraph evidence in the testimony of the defendant before the Grand Jury. Whether this is so or not, the prosecutor did not see fit to instruct the Grand Jury as to the rules of evidence applicable to proceedings before a Grand Jury, as it is the right and duty of the District Attorney to do (CPL 190.25, 190.30). The Grand Jury holds the ultimate power of determining whether charges against an individual shall result in an indictment *(Matter of Andrews v Andreoli,* 92 Misc 2d 410). The members of the Grand Jury cannot be prevented from pursuing their duty by the prosecutor not permitting them to ask questions of witnesses which may invade previously announced ground rules of the prosecutor *(Matter of Nassau County Grand Jury,* 87 Misc 2d 453, 461), or by statements of the court or prosecutor to the effect that the sufficiency of the evidence before the Grand Jury justifies an indictment *(People v Both,* 118 Misc 414, 423). It is not without the realm of possibility that the Grand Jury might have desired to see the polygraph test results in assessing the defendant's testimony that he had not sold the cocaine but merely purchased it. Although polygraph evidence has not been accepted to determine guilt or innocence before a petit jury (cf. *People v Allweiss,* 48 NY2d 40, 49), such evidence has been held worthy of consideration in guiding the exercise of the discretion of the court in *Clayton* hearings *(People v Vernon,* 89 Misc 2d 472, 476), and for other purposes *(People v Daniels,* 102 Misc 2d 540, 553-556). One who is a target of a matter under investigation by a Grand Jury who elects to testify before it in his own defense has traditionally been permitted to place his reputation and standing in the community before the Grand Jury. Here, the

first Grand Jury, after hearing instructions of the District Attorney as to the validity of polygraph evidence, should have been allowed to decide whether it would consider such evidence, in the exercise of its discretion, in making its ultimate determination concerning the defendant. On these grounds, I vote to reverse and to dismiss the indictment, with leave to the prosecution to apply for an order permitting the resubmission to another Grand Jury, reserving to the Grand Jury the right to consider in the exercise of its discretion whether polygraph evidence may be submitted to it.