OPINION OF THE COURT
Eli H. Mellan, J.
The defendant moves to dismiss the misdemeanor charges under subdivision 3 of section 1192 of the Vehicle and Traffic Law on the grounds that among other evidence the Grand Jury heard all of the evidence giving rise to the within misdemeanor information and noted no true bill. The defendant advances a further ground for dismissal in the interest of justice under provisions of CPL 170.40.
The facts and circumstances which gave rise to the charge of driving while intoxicated in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law resulted in a misdemeanor information upon which the defendant was arraigned on October 12,1981. While these charges were pending and after several adjournments, on November 24, 1981, the People requested an adjournment for the purpose of presenting to the Grand Jury a charge of criminally negligent homicide which is obviously a totally different and separate charge from the misdemeanor of driving while intoxicated. The defendant does not challenge the right of the District Attorney to present the felony charges to the Grand Jury during the pendency of the misdemeanor charge and did not object at that time to the adjournment for the purpose indicated.
*958 On January 6, 1982, the Grand Jury considered the charge of criminally negligent homicide involving the death of one Maria Diona who was driving a moped at the time of the occurrence and whose death is alleged to have resulted from the defendant’s actions. The misdemeanor charge of driving while intoxicated was not at the same time or at any time presented to the Grand Jury.
After due consideration, the Grand Jury made the determination that the defendant’s operation of his vehicle did not give rise to the charge of criminally negligent homicide and therefore voted a no true bill on the felony charge. The Grand Jury was neither asked to consider nor is there any evidence that they considered the misdemeanor charge of driving while intoxicated.
The defendant asserts that inasmuch as the Grand J)ury voted a no true bill on the felony charge and since the evidence which would support the misdemeanor charge was to some extent included in the evidence presented to the Grand Jury or, as defendant asserts, such evidence is identical to that necessary to support the current misdemeanor charge, therefore the dismissal of the felony charge constitutes a dismissal or dictates the dismissal of the present misdemeanor pending charge. The defendant claims that the Grand Jury’s failure to act on the misdemeanor charge, whether specifically presented to them by the District Attorney or not, amounts to a dismissal of the misdemeanor charge as provided in CPL 190.75 pursuant to CPL 190.60 (subd 4) and as further dictated by the holding of Mooney v Cahn (79 Misc 2d 703).
Whether this court should be bound by the District Court decision contained in Mooney v Cahn (supra) is in fact not essential to our deliberations because there is a vital difference between the facts contained in Mooney v Cahn and the instant case. In the Mooney case, the court held that fundamental fairness dictates that when there has been an agreement between the prosecution and the defense, such agreement cannot be disregarded if prejudice results to the defendants and that an argeement by the District Attorney to present all charges to the Grand Jury would be binding to the extent that it would have the effect of an order of dismissal on all charges, should the Grand *959 Jury fail to hand down an indictment. In the instant case, however, the District Attorney emphatically asserts that there was no such agreement and furthermore categorically affirms that neither the current Assistant District Attorney nor the previous Assistant District Attorney involved in this matter ever gave assurances to the defendant by way of any agreement that the misdemeanor charge of driving while intoxicated would be presented to the Grand Jury with the charge of criminally negligent homicide. Thus in the absence of such an agreement Mooney v Cahn is totally inapplicable to the within situation, and case.
Furthermore, while Mooney v Cahn (supra) held that the Grand Jury must take one of the options set forth in CPL 190.60 thereby dictating a dismissal of the charges, People v Wilkins (95 Misc 2d 737) reaches a different conclusion and holding that notwithstanding Mooney, that court was not convinced that CPL 190.60 mandates that a Grand Jury after hearing evidence concerning a certain matter must pursue one of the specified alternatives of CPL 190.60 and stresses that the language of the section uses the term “may” in describing the options available.
It is well-settled law that it lies within the province of the District Attorney to pursue the course of prosecutorial discretion in determining whether matters are to be presented to the Grand Jury or to proceed by way of local court information. (People v Florio, 301 NY 46; People v McDonnell, 83 Misc 2d 907.) In the instant case, the District Attorney initially proceeded by way of misdemeanor information in the local court and while such charge was pending sought to present the felony charges to the Grand Jury. That was entirely within the right and options of the District Attorney. The mere fact that the Grand Jury determined that there was no basis to proceed with the felony charges does not preclude continued prosecution of the misdemeanor charge as herein described.
The defendant’s assertion that the action of the Grand Jury amounted to a dismissal pursuant to CPL 190.75 is unsupported by any statutory provision or case law. (People v Nelson, 298 NY 272; People v Macchio, 62 Misc 2d 696; People v Westbrook, 79 Misc 2d 902.)
*960 With reference to the remaining argument that the motion to dismiss the misdemeanor information should be granted in the interest of justice under the provisions of CPL 170.40, in that it is alleged that the District Attorney’s office acted in such a way as to constitute a violation of the spirit of justice and fair play upon which the judicial system is founded, such argument is totally unsupported by the various criteria set forth in CPL 170.40. In this case it is alleged that a death resulted from the defendant’s actions. At least two criteria to be considered under People v Clayton (41 AD2d 204) and the statutory provisions of CPL 170.40 are the impact of a dismissal on the safety and welfare of the community and the impact of a dismissal upon the confidence of the public in the criminal justice system. While the court does not in any way wish to prejudge the charges lodged against this defendant, there is certainly no basis for dismissal in the interest of justice giving consideration to all of the factors set forth under the applicable statute herein.
Therefore, the within motion is denied in all respects and the matter is set down for trial, Criminal Part V of this court, on March 1, 1982.