OPINION OF THE COURT
Warren M. Doolittle, J.
On June 17, 1985, the defendant was arrested and charged with two counts of criminal contempt in the second degree, class A misdemeanors, and criminal mischief in the third degree, a felony.
On June 10, 1985, the defendant allegedly photographed his estranged wife and their son while they were in an automobile. It is further alleged that on June 7, 1985, the defendant entered the property of his estranged wife’s parents and attempted to take his son from said premises. By allegedly committing the aforesaid acts, the defendant is alleged to have violated two orders of protection signed by Supreme Court Justice Kenneth Molloy on June 6, 1985 in violation of Family Court Act article 8, giving rise to the two counts of criminal contempt in the second degree.
On June 18, 1985, the defendant appeared with counsel and entered a plea of not guilty to the aforementioned charges. His attorney requested a conference in Part IX of the District Court and, therefore, an adjournment was granted until July 8, 1985.
The defendant maintains that on July 9th, the People: "needed more time to obtain information regarding restitution on the Criminal Mischief. At this time, all three charges were before the court in Part IX. Pursuant to A.D.A. Looper’s request defendant consented to an adjournment to August 13, 1985 in Part IX.”
The People contend that: "on July 9, 1985, all charges against the defendant were adjourned to August 13, 1985, at the defendant’s request in Criminal 9.”
On August 13, 1985, after rejecting a plea bargain offer in which all three charges were considered, the defendant then requested that all three charges be waived to the Grand Jury.
At such time, the Honorable Henry J. Kalinowski granted defendant’s request and accordingly waived all three charges to the Grand Jury.
On September 17, 1985, Assistant District Attorney John J. McKenna, Jr., sent a letter to the defendant’s attorneys advising them that all three charges were going to be presented to the Grand Jury on Monday, September 25, 1985.
*166 Prior to the scheduled date for presentment, the defendant’s counsel reentered plea negotiations with the People on behalf of defendant. Hence, the People removed the matter from the Grand Jury Calendar. At such time, counsel for defendant executed a speedy trial waiver for the period of September 18 through October 18, 1985. Defense counsel presented its arguments to the People in favor of reducing the felony charge to a misdemeanor based upon several salient facts. The People, nevertheless, chose to replace the case on the Grand Jury Calendar. The defendant was served with a notice of presentment advising him that the case had been scheduled for December 9, 1985. This notice clearly refers to all three charges pending against defendant.
Prior to December 9, 1985, counsel for defendant was advised for the first time that only the felony charge of criminal mischief would be presented to the Grand Jury. The felony charge was dismissed in accordance with the issuance of a no true bill by the Grand Jury.
The defendant was later notified through counsel that the misdemeanor charges would be heard in Criminal Part IX on January 17, 1985, then moved to Criminal Part I of this court on January 31, 1985.
LEGAL ANALYSIS
The issue presented before this court is what is the applicable speedy trial time limitation with regard to the two misdemeanor charges?
CPL 30.30 (1) (a) requires that the People must be ready for trial within six months of the commencement of a criminal action wherein defendant is accused of one or more offenses, at least one of which is a felony.
CPL 30.30 (1) (b) requires that the People must be ready for trial within 90 days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony.
"Commencement of criminal action” is specifically defined by CPL 1.20 (17) as: "A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court, and, if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed.”
*167 "Criminal action” is specifically defined in CPL 1.20 (16) which states: "A criminal action (a) commences with the filing of an accusatory instrument against a defendant in a criminal court, as specified in subdivision seventeen; (b) includes the filing of all further accusatory instruments directly derived from the initial one, and all proceedings, orders and motions conducted or made by a criminal court in the course of disposing of any such accusatory instrument, or which, regardless of the court in which they occurred or were made, could properly be considered as a part of the record of the case by an appellate court upon an appeal from a judgment of conviction; and (c) terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case.”
The accusatory instruments in this case were filed on or about June 18, 1985. They did not arise out of the same transaction. Therefore, it is clear for the purposes of defendant’s motion pursuant to CPL 30.30 (1) (a) or (1) (b) there has been a delay of trial for more than six months (and 90 days, respectively) which would warrant a dismissal of the complaint unless it is excused under the exceptions provided by CPL 30.30.
Since the defendant has demonstrated the existence of a delay greater than six months/90 days the burden of proving that certain periods within that time should be excluded falls upon the People. (People v Berkowitz, 50 NY2d 333, 349 [1980].)
Initially, this court must determine which period of time limitation is applicable in the case at bar.
It is the defendant’s position that CPL 30.30 (1) (b) is applicable to the criminal contempt charges in the second degree. However, it is the People’s position that CPL 30.30 (1) (a) is applicable to these outstanding charges.
The People contend that although the felony and misdemeanor charges were not "joinable” offenses within the meaning of CPL article 200 for Grand Jury purposes, they nevertheless maintain that the very same offenses are: "based upon the same criminal transaction in that under Section 40.10 subdivision (2) (b) of the Criminal Procedure Law, the offenses are so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture.”
The People go on further to state: "Both the felony charge *168 and misdemeanor charges had been treated as one case for purposes of conferences, calendar appearances, plea bargaining negotiations. These charges occurred within a two week period. There is undeniably an integral relationship.”
The People are of the opinion that the aforementioned was not the case when it came time to present the matter to the Grand Jury back in December of 1985. They are adamant about the fact that the "misdemeanor contempt charges could not be presented to the Grand Jury without the necessary court order pursuant to Section 170.25 of the Criminal Procedure Law.”
CPL 170.25 (1) provides: "At any time before entry of a plea of guilty to or commencement of a trial of a local criminal court accusatory instrument containing a charge of misdemeanor, a superior court having jurisdiction to prosecute such misdemeanor charge by indictment may, upon motion of the defendant made upon notice to the district attorney, showing good cause to believe that the interests of justice so require, order that such charge be prosecuted by indictment and that the district attorney present it to the grand jury for such purpose.”
The People further contend that counsel for the defendant inappropriately waived the unrelated misdemeanor charges to the Grand Jury on August 13, 1985. The People and the court inadvertently acquiesced in defense counsel’s improper action. The People continued to handle the cases together. The court permitted all the charges to be waived to the Grand Jury.
On December 23, 1985, Assistant District Attorney Haley realized that "the present charges could not be presented to Grand Jury without the necessary Court Order pursuant to Section 170.25 CPL and advised defense counsel of this.”
We find that defense counsel essentially complied with the relevant statute when he made an application to the Honorable Henry J. Kalinowski to waive all of the charges to the Grand Jury. The People consented to defendant’s application. The Supreme Court, Special Term, Nassau County, held in Mooney v Cahn (79 Misc 2d 703, 705 [1974]), "It is not necessary for this court to speculate as to whether such an order would have been granted had the motion been made. Fundamental fairness dictates that, when there has been an agreement between prosecution and defense, such agreement cannot be disregarded if prejudice results to defendants (see Santobello v. New York, 404 U. S. 257; People v. Carter, 73 *169 Misc 2d 1040, affd. 41 A D 2d 905) * * * However, since both parties contemplated Grand Jury action, petitioners did prejudice themselves by not filing a timely motion and respondents cannot now use such failure against them (see People v. Carter, supra.)”
Therefore, this court proceeds on the basis that the agreement between petitioners and Assistant District Attorney Regan had the same force and effect as if such a motion had been made and granted. (Mooney v Cahn, supra, at p 705.)
This court adopts the holding and rationale of the Mooney decision (supra).
The People cannot use the joinability of three offenses, two of which are a misdemeanor and one of which is a felony, as both a shield and a sword. Their opposition papers are an anomaly of sorts. On page 4 they try to convince us that all three charges are closely related and therefore CPL 30.30 (1) (a) is applicable to the misdemeanors. On page 9 of the same document they tell us the charges are unrelated and therefore CPL 30.30 (1) (b) applies to the misdemeanor charges. These arguments are incongruous. There cannot be separate standards depending upon which time period is applicable. The People cannot have it both ways!
The People are therefore estopped from arguing that: "the delay of the present charges was occasioned by defense counsel’s negligence in that he inappropriately waived the unrelated misdemeanor charges to the Grand Jury on August 13, 1985.”
This court concludes that since the People chose to treat the misdemeanors independently rather than present them along with the felony charge to the Grand Jury, they are now precluded from using the time limitations provided in CPL 30.30 (1) (a) and are thus bound by CPL 30.30 (1) (b).
The People submit on page 9 that 118 days are chargeable to the People after deducting the excludable time periods (as they perceive them to be). This is their argument if the six-month time period applies. They submit on page 11 that no time is as yet chargeable to the People if the 90-day time period applies.
We cannot entertain such a double standard. Accordingly, this court holds that the People have admitted to not being ready for trial within the time prescribed in CPL 30.30 (1) (b) in full compliance with the mandate of People v Brothers (50 *170 NY2d 413 [1980]) and its progeny. (See, People v Hamilton, 46 NY2d 932 [1979]; People v Kendzia, 64 NY2d 331 [1985].)
Therefore, the charges must be dismissed.