Hancock, Jr., J.
(dissenting). A Grand Jury indicted defendant for murder in the second degree. A petit jury could not agree whether defendant was guilty of this charge but, in a second trial, another jury convicted him of first degree manslaughter. The majority now reverses this conviction under CPL 210.35 (5) (majority opn, at p 276, n 6) because the District Attorney, concededly acting in good faith, withdrew the matter on the last day of the Grand Jury term (before deliberations had commenced or the testimony had been completed) in view of the unavailability of two witnesses which the Grand Jury had requested him to call. We find no statutory authority for this result or precedent in case law.
Under the Criminal Procedure Law, the court "may, upon motion of the defendant, dismiss” an indictment if the "grand jury proceeding was defective, within the meaning of section 210.35” (CPL 210.20 [1] [c]; emphasis added). As provided by the statute, a Grand Jury proceeding is "defective” under CPL *278 210.20 (1) (c) when the proceeding "fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result” (CPL 210.35 [5]; emphasis added). Despite the lack of any showing in the record of impairment of the process or possible prejudice to the defendant, the majority has concluded that, as a matter of law, there was a nonconformance with article 190 "to such degree” as to require dismissal under CPL 210.35 (5).
The particular noncompliance with article 190 ("The Grand Jury and its Proceedings”) which is held to be sufficient to mandate dismissal under CPL 210.20 (1) (c) and CPL 210.35 (5) does not involve misconduct of the District Attorney or any irregularity or occurrence which might have affected the integrity of the proceedings themselves, such as, for example, the presence of unauthorized persons before the Grand Jury (see, CPL 190.25 [3]; People v Beauvais, 98 AD2d 897), the presentation of evidence by an unauthorized prosecutor (see, People v Di Falco, 44 NY2d 482), a violation of the requirement of secrecy (see, CPL 190.25 [4]), or proceeding in the presence of fewer than 16 grand jurors (see, CPL 190.25 [1]). Indeed, there was no such misconduct or irregularity. The hearing court expressly found no "interference by the prosecutor with the Grand Jury’s functions, duties or integrity” and rejected any finding that the motive for the withdrawal had been the desire to remove the case from an "active” Grand Jury to one which would be "more pliant”. It also found, contrary to the contentions of the majority and defendant, that the prosecutor, when the case was withdrawn, had not completed the presentation of all of the evidence to the Grand Jury.[1] As the majority has noted, these findings are supported by evidence in the record and are beyond our review (majority opn, at pp 272-273). Rather than any noncompliance with article 190 pertaining to the actual proceedings before the Grand Jury, the sole reason for invoking CPL 210.35 (5) here is the failure of the District Attorney to seek leave of the court for resubmission — an act which is required by article *279 190 only after a case has been dismissed by the Grand Jury, something that did not occur here.
It is clear that in resubmitting the matter without court permission there was no per se violation of CPL 190.75.[2] By the very terms of CPL 190.75 (3), the dismissal (referred to in the phrase "[w]hen a charge has been so dismissed”) which requires permission for resubmission is the dismissal by the Grand Jury under CPL 190.75 (1) when there is no "legally sufficient” evidence (subd [a]) or when "the grand jury is not satisfied that there is reasonable cause to believe” (subd [b]) that the defendant committed the crime charged. Clearly, a dismissal under the statute can only result from action by the Grand Jury. An action of the prosecutor cannot be deemed an action of the Grand Jury. Moreover, it has been held that to constitute a dismissal by the Grand Jury, the Grand Jury must have considered and acted upon the charge (see, People v Nelson, 298 NY 272-276; People ex rel. Raimondi v Jackson, 277 App Div 927, lv denied 301 NY 816). Because deliberations had not commenced and, indeed, the testimony had not been completed, there is no basis for concluding that the Grand Jury had, in reality, acted upon and dismissed the charge under CPL 190.75 and 190.60 (compare, e.g., People v DeLio, 75 Misc 2d 711, where there was no question that the Grand Jury had considered and "disposed of’ the charge, and Mooney v Cahn, 79 Misc 2d 703, 705 [majority opn, at p 274], where it was "clear that the Grand Jury heard and considered all of the evidence regarding the charges”).
*280 Although the District Attorney’s failure to obtain court approval before resubmission to another Grand Jury cannot, under any construction of CPL 190.60 or 190.75, be considered an action of dismissal by the first Grand Jury, the majority, nevertheless, holds that this omission should be given "the effect of a dismissal”. With the necessary "dismissal” thus created for the purpose of the requirement of court authorization for resubmission under CPL 190.75, the District Attorney’s subsequent conduct in resubmitting the matter without such authorization is held to be nonconformance with article 190 "to such degree” as to render the proceedings defective under CPL 210.35 (5). The single case cited as authority for this proposition is Matter of McGinley v Hynes (75 AD2d 897, revd on other grounds 51 NY2d 116, cert denied 450 US 918) where the court concluded from the record before it that the "withdrawal of the case from the September 1978 Grand Jury took place because of the possibility that the Grand Jury would vote against indictment” and that "the Special Prosecutor’s admission to the September 1978 Grand Jury that he only had a few remaining witnesses was either erroneous or misleading” (75 AD2d 897, 898, supra). But it is the very element of bad faith on the part of the prosecutor upon which the McGinley court clearly premised its decision that the hearing court, in the case before us, has specifically found to be missing.
The majority does not suggest that every withdrawal of a charge by the District Attorney and subsequent resubmission without court approval would constitute a violation of article 190 making the Grand Jury proceeding defective under CPL 210.20 (1) (c) and subject to dismissal under CPL 210.35. Indeed, such a per se rule would be directly contrary to the plain wording of CPL 190.75 and 190.60 and would amount to an outright amendment of those statutes through judicial legislation. Under the announced rule, the motivation of the District Attorney in withdrawing the case and whether he acted in good faith or bad faith (decisive factors present in McGinley) are irrelevant. The equation is based entirely on "the extent to which the Grand Jury considered the evidence and the charge” (majority opn, at p 274). No guideline is provided as to when the case has progressed to the point where it should be deemed a dismissal. But, from the holding here, it is clear that a withdrawal may be deemed a dismissal even though there are further witnesses to be presented and *281 even though the prosecutor has not instructed the Grand Jury on the law enabling them to begin their deliberations.
In our view, the interpretation of CPL 190.75 and 190.60 and the procedures followed by the courts below were entirely proper. If the hearing court had found bad faith or improper motivation on the part of the District Attorney, it should have dismissed the indictment provided that it also concluded that the integrity of the Grand Jury proceedings had been impaired and that there was a possibility of prejudice to the defendant (CPL 210.20 [1] [c]; 210.35 [5]). The court would, moreover, have been justified in requiring the District Attorney to obtain authorization for resubmission under CPL 190.75 (3) (see, Matter of McGinley v Hynes, supra). Because the court found no bad faith or other impropriety, it acted in accordance with existing statutory and decisional law in denying the defendant’s dismissal motion. We know of no practical or policy reason for changing the established rules and curtailing the power of the District Attorney when he acts in good faith in withdrawing a case before presentation of the evidence has been completed and the Grand Jury has commenced its deliberations on the matter. Certainly, nothing in the legislative history of CPL 190.75 (3) supports the conclusion that the Legislature intended to require court approval for resubmission of a charge which has not been dismissed but which has been withdrawn by the prosecutor acting in good faith for a proper reason. On the contrary, it appears from the history of the statute and its predecessor in the Code of Criminal Procedure (see, majority opn, at p 273) that the sole purpose behind the enactment of CPL 190.75 (3) was to insulate citizens from prosecutorial excesses and to curtail the power of a prosecutor to "resubmit charges without limitation” (majority opn, at p 273) after successive dismissals of the charge by different Grand Juries. Thus it is that the statute by its terms is precisely limited to a resubmission when "a charge has been * * * dismissed” (CPL 190.75 [3]; emphasis added).
As the hearing court pointed out, reasons "for withdrawing a case [before the Grand Jury has acted on it] arise when witnesses requested to appear are not able to do so because of illness, vacation or some other personal reason.” Henceforth, one must assume, resubmission of a charge which has been withdrawn for such routinely advanced reasons could, although clearly not called for under the statute, require court authorization under CPL 190.75 (3). Certainly prudence would *282 dictate that court authorization be sought. Adding judicially created limitations on the District Attorney’s discretion to the limitations already existing in the statutory framework is certainly not necessary for the purpose of preventing the District Attorney from acting with improper motives and "defeating CPL 190.75 (3) in almost every case by withdrawing all but 'open and shut’ cases and resubmitting them after further preparation or a more compliant Grand Jury is impaneled” (majority opn, at p 275). For, as noted, the majority’s rule depends solely on the extent to which the evidence has been submitted and operates irrespective of the District Attorney’s motivation for withdrawing a case. And there are sufficient existing statutory safeguards for curbing the power of a prosecutor who acts in bad faith and withdraws a case from the Grand Jury for improper reasons (see, CPL 210.20 [1] [c]; 210.35 [5]; Matter of McGinley v Hynes, supra). The majority recognizes the "dilemma” that its judicial amendment of the applicable statutes will create for prosecutors who, for entirely legitimate reasons, must withdraw a case before presentation of the evidence is completed (majority opn, at p 276). It is hardly a satisfactory answer to this "dilemma” to point out, as the majority does, that a prosecutor may seek a court order for extension of the Grand Jury term (CPL 190.15 [1]) or authorization to resubmit to another Grand Jury (CPL 190.75 [3]). It is certainly no answer at all to the "dilemma” of the prosecutor who has withdrawn the case for good reasons, has had his requests for extension of the Grand Jury term and for resubmission to a new Grand Jury refused by the court, and must see his case dismissed. For these reasons, we must record our dissent.
Judges Meyer, Kaye and Titone concur with Chief Judge Wachtler; Judge Hancock, Jr., dissents and votes to affirm in a separate opinion in which Judges Simons and Alexander concur.
Order reversed and indictment dismissed with leave to the District Attorney to apply for an order permitting resubmission of the charges to another Grand Jury.

. The Judge hearing the motion to dismiss the indictment made the following finding of fact: "I am urged that the Assistant [District Attorney] had already submitted all of his evidence to the November Grand Jury for its consideration. I do not find this to be so since they asked for additional witnesses and when these were not produced no further action was taken by the Grand Jury before the case was withdrawn. As the Grand Jury transcripts indicate, they asked to hear the arresting officer, Detective Edward Martin, and a witness known only as Freda.” (Emphasis supplied.)

. CPL 190.75 insofar as pertinent is as follows:
"1. If upon a charge that a designated person committed a crime, either (a) the evidence before the grand jury is not legally sufficient to establish that such person committed such crime or any other offense, or (b) the grand jury is not satisfied that there is reasonable cause to believe that such person committed such crime or any other offense, it must dismiss the charge. In such case, the grand jury must, through its foreman or acting foreman, file its finding of dismissal with the court by which it was impaneled.
"2. If the defendant was previously held for the action of the grand jury by a local criminal court, the superior court to which such dismissal is presented must order the defendant released from custody if he is in the custody of the sheriff, or, if he is at liberty on bail, it must exonerate the bail.
"3. When a charge has been so dismissed, it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury. If in such case the charge is again dismissed, it may not again be submitted to a grand jury.”