THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JERRY A. GUIDARELLI, LOUIS DE LEGGE and RONALD MEYER, Appellants.

Third Department, January 8, 1965.

*Armand R. Riccio* and *Charles J. Farrone* for Jerry A. Guidarelli, appellant.

*Alexander Grasso* and *Albert G. Bottieri* for Louis De Legge, appellant.

*Poersch, Sevits, Riemer & Poersch* (*Mathias P. Poersch* of counsel), for Ronald Meyer, appellant.

*D. Vincent Cerrito, District Attorney* (*Howard A. Levine* of counsel), for respondent.

GIBSON, P. J. Appeals are taken from judgments of the County Court of Schenectady County, rendered April 23, 1963, upon verdicts convicting defendants of the crimes of (1) conspiring to violate section 1826 of the Penal Law (taking by a public officer of unlawful fees); (2) conspiring to violate sections 1841 and 1857 of the Penal Law (neglect and omission of duty by a public officer); (3) conspiring to violate section 378 of the Penal Law (bribing a public officer); and (4) conspiring to commit crimes in violation of the laws of the State of New York prohibiting illegal gambling.

The verdicts were warranted by the evidence; but we are obliged to reverse for error arising upon the trial.

The appellant Meyer, then a police officer, in the course of a lengthy interrogation by his superiors, made an oral statement, which was reduced to writing and signed by him, in which he inculpated himself and the other appellants in the crimes of conspiracy of which all three were subsequently convicted. When the confession was offered upon the trial, Meyer testified to coercion in its procurement; and, in addition, proved that he had suffered from multiple sclerosis for at least five years and adduced medical evidence of the effect of the ailment upon his nervous system and upon his mental capabilities as well; and there was medical proof, also, of the emotional stress and disturbance induced by the disease. Thus the voluntariness of the confession was in issue and that issue was submitted to the trial jury in accordance with the procedures then obtaining, but without an " adequate evidentiary hearing productive of reliable results concerning the voluntariness of his confession ", within the intent of the rule of *Jackson* v. *Denno* (378 U. S. 368). Were there no other question in the case, we would merely withhold determination of all the appeals while remitting the Meyer case for examination by the trial court into the voluntariness of the confession, in accordance with the procedure prescribed by *People* v. *Huntley* (15 N Y 2d 72); but other error requires a new trial, upon which the confession will have to be treated in the manner outlined in *Huntley*.

We turn then to another and apparently novel problem. Appellant Meyer testified before the Grand Jury pursuant to a purported waiver of immunity in pertinent part providing: " I, Ronald Meyer, do hereby waive my privilege to refuse to testify before the Grand Jury of the County of Schenectady *and before any Court at which any indictment is found against me in the above case* ". (Emphasis supplied.) Had he refused to sign the waiver of immunity with respect to testimony before the Grand Jury, he would, of course, have forfeited his public office, but he did sign and he continued in public office and in other public employment for some time thereafter. (See N. Y. Const., art. I, § 6.) On the trial, counsel for Meyer conceded that " the People had a right, and did introduce in evidence here the hundred and sixty pages of testimony made by this defendant before the Grand Jury under the waiver of immunity which he had signed "; but counsel then urged, and upon this appeal strenuously contends, that Meyer's testimony could not lawfully be compelled upon the trial, pursuant to the purported waiver embodied in the clause italicized above, and that the compulsion thereof constituted a deprivation of his constitutional protection against self incrimination. His codefendants urge the same objection but Meyer's constitutional privilege was, of course, personal to him and no basis has been suggested for its invocation by his codefendants. As respects Meyer's objection, it may be urged that no prejudice to him ensued since his oral testimony was no more incriminating than that which he gave before the Grand Jury, but we are unable to appraise the weight or cumulative effect of his oral testimony, in the minds of the jurors, as against the weight and effect given the transcript of his Grand Jury testimony. There was testimony by Meyer that he believed that the waiver of immunity related only to testimony to be given before the Grand Jury. It is contended that he did not know the import of the additional clause and that in any event he relied upon a statement by the District Attorney that he would not be indicted. Upon remand, a showing that the waiver was not voluntary, because it was not knowingly and competently given or was induced by improper means, will entitle him to an independent examination of those issues by an inquiry procedurally similar to that to be afforded him, in pursuance of the same constitutional privilege, upon the like issues posed by the purported confession. These issues respecting the waiver are not susceptible of examination and final determination upon a post-appeal hearing by the trial court, without a jury, as authorized by *Jackson* (*supra*) and *Huntley* (*supra*), because the voluntariness of the waiver was

not passed upon by a jury, as was the confession. Indeed, the trial court completely removed the issue from the jury's consideration, charging that "the law provides * * * for a waiver of immunity; and in this case, in this particular case, the exhibit said that this one defendant, Ronald Meyer, waived his privilege to refuse to testify before the Grand Jury and before any Court at which any indictment might be found against him, and so forth. And this is a perfectly legitimate and proper form of document which is used in criminal prosecutions, and if there is a waiver, then, as I have held in this case, that that person was required to testify." By reason of this error affecting so basic and fundamental a right, justice requires a new trial, despite defendant Meyer's failure to except. (Code Crim. Pro., § 527.) Defendant did object, and did invoke his constitutional privilege, when required to testify. Since Meyer's testimony implicated his codefendants, their convictions must be reversed in the interests of justice. (See *People* v. *Donovan,* 13 N Y 2d 148, 154, and cases there cited.)

Among appellants' additional assignments of error, we find none sufficiently substantial to require discussion.

The judgments should be reversed, on the law and the facts, and in the interests of justice, and a new trial ordered.

HERLIHY, TAYLOR, AULISI and HAMM, JJ., concur.

Judgments reversed, on the law and the facts and in the interests of justice, and a new trial ordered.