■ The People of the State of New York, Respondent, v Albert Petgen, Appellant. — Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J), rendered July 22, 1981, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree. As a result of an incident which occurred on December 14, 1977, wherein defendant's son, Richard B. Petgen, allegedly shot and killed one John Marmo at the request and direction and with the aid and assistance of defendant, defendant was indicted for the crime of manslaughter in the first degree, a class B felony (Penal Law, § 125.20, subd 2). The pertinent underlying facts are set forth in *People v Richard MM.* (75 AD2d 389), wherein we reversed convictions of both defendant and his son arising out of this incident because they had been tried jointly without inquiry by the trial court as to whether they recognized the potential risk of employing the same attorney. Ultimately, defendant pleaded guilty to the manslaughter in the first degree charge and, in accordance with a plea agreement, he was sentenced to an indeterminate term of imprisonment of zero to three years. There ensued the instant appeal in which defendant makes several contentions, all of which relate to purported deficiencies in the use of his testimony before two Greene County Grand Juries convened December, 1977 and reconvened in February, 1978. We hold that the challenged judgment should be affirmed and, in so ruling, we find without merit defendant's assertion that he did not effectively waive immunity from prosecution prior to testifying before the December, 1977 Grand Jury because both he and his son were coerced into signing waivers of immunity and testifying by the prosecutor's threat to indict defendant's son immediately for murder if defendant and his son did not execute the waiver and testify. Although it is well settled that a waiver to be effective must be voluntary and not be induced by improper means (*Gardner v Broderick,* 392 US 273; *People v Guidarelli,* 22 AD2d 336), we are here dealing with an intelligent and well-educated defendant whose testimony before the Grand Jury establishes that he understood the nature and consequences of a waiver of immunity and voluntarily executed the waiver and gave his testimony. Moreover, the prosecutor expressly denied making the threat alleged by defendant, and while the trial court was admittedly cognizant of the prosecutor's penchant for assertive conduct, it made no finding, as alleged by defendant, that the prosecutor threatened a murder indictment of defendant's son if defendant refused to execute a waiver of immunity and testify before the Grand Jury. Instead, it concluded under all the circumstances presented that defendant voluntarily appeared before the Grand Jury and testified, and nothing in the present record warrants our disturbance of its resolution of this factual question (see *Jackson v Virginia,* 443 US 307; *People v Wright,* 71 AD2d 585). Defendant's further contentions that he was denied his right to counsel and his right to effective assistance of

counsel when he executed the waiver prior to his Grand Jury testimony in December of 1977 are similarly lacking in substance. Concededly, defendant consulted with his attorney over the telephone before signing the waiver and testifying, and as previously noted, his testimony in the record establishes that he understood the consequences of his acts and voluntarily gave his testimony. Given this situation, a finding that he executed the waiver without the effective assistance of counsel would not be justified (cf. *People v Yut Wai Tom,* 53 NY2d 44; *People v Beam,* 84 AD2d 653, affd 57 NY2d 241). Lastly, defendant's assertion that he received transactional immunity from prosecution for the death of John Marmo because he testified before the reconvened February, 1978 Grand Jury concerning the Marmo killing without waiving immunity is also unpersuasive. This latter Grand Jury was investigating the killing of one Joey Piscano, and defendant testified thereat with regard to the Marmo killing only to the extent of admitting his knowledge that Marmo had been shot and that Marmo's truck was parked in front of defendant's house on the morning of December 14, 1977. Such testimony plainly did not tend to incriminate defendant concerning the Marmo killing, and, therefore, it cannot properly serve as a basis for conferring upon defendant immunity from prosecution for that killing (cf. *People v Williams,* 81 AD2d 418, affd 56 NY2d 916). Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.