OPINION OF THE COURT
Harvey W. Sherman, J.
Motion by the defendant to dismiss the indictment, pursuant to CPLR 210.35, is determined as follows:
The defendant has been charged with grand larceny in the second degree, relating to an incident which is alleged to have occurred “on or about or between October 16, 1983 to October 17, 1983”, and additionally with attempted assault in the second degree which is alleged to have taken place some 10 days thereafter while in custody of the Suffolk County police. The defendant is accused of attempting to cause physical injury to a peace officer with intent to prevent said officer from performing a lawful duty. The defendant was arraigned on those charges on October 28,1983 at which time he was served with a notice of impending Grand Jury proceeding. The defendant thereafter advised the District Attorney of his desire to testify before the Grand Jury. The defendant and counsel appeared at the place and time specified in the notice of presentment.
However, at that time a dispute arose between the District Attorney and defense counsel as to whether the *358 defendant would be permitted to testify, the scope and limits of the questioning before the Grand Jury and the extent of the waiver of immunity to be signed, i.e., whether the defendant would sign a “general” or “limited” waiver. The entire colloquy was recorded outside the presence of the Grand Jury and is set forth at length herein.
“District Attorney:
“The defendant, through his attorney, Peter Bark, has made a request that the Grand Jury hear the two charges, Grand Larceny in the Second Degree and Attempted Assault in the Second Degree under separate Grand Jury presentations and separate Grand Jury numbers. As a result of proposed offer of proof, namely, that he specifically wanted to exercise his right to remain silent on the Grand Larceny charge and he indicated he had important testimony and that he was actually present on the Attempted Assault in the Second Degree. As the legal advisor of the Grand Jury, I indicated to Mr. Bark we would in fact present the matter to the Grand Jury under two separate presentations specifically at the defendant’s request. That the first charge that would be presented to the Grand Jury would be the Attempted Assault in the Second Degree. In addition, prior to letting — allowing Mr. Scott to testify, we are requiring him, pursuant to Criminal Procedure Law 190.45, to execute a general Waiver of Immunity, namely immunity regarding any and all crimes or transactions which there is testimony concerning. Mr. Bark has indicated he doesn’t want his client to testify under this general Waiver of Immunity. In addition I indicated, I’ll indicate for the record now, I advised Mr. Bark the Attempted Assault in the Second Degree would be presented separately and also that there would not be any questioning concerning his client of Grand Larceny in the Second Degree. I also indicated that if there was in fact any testimony relating to the Grand Larceny in the Second Degree that it would be possible that his client would be questioned concerning the Grand Larceny if he opened the door by bringing it up himself. I believe that Mr. Bark would like also to place his objections on the record and at this time the final decision is, as legal advisor, that Mr. Scott will not be allowed to testify unless he executes a general Waiver of Immunity to any and all crimes.
*359 “mr. bark: Peter Bark, 479 Middle Country Road, Cor-am, New York. I represent Cornell Scott. Mr. Scott was arrested On October 27, 1983 charged on two separate felony complaints, one charging Grand Larceny in the Second Degree and the other one charging Attempted Assault in the Second Degree. The attempted — Grand Larceny, supposedly took place on October 17th, the Attempted Assault, ten days later on October 27th. I wish my client to testify pertaining to the Attempted Assault only. He was present at that time in the precinct. He has important information for the Grand Jury. He wishes to sign a Waiver of Immunity as to that matter. However, since whether he opens the door or not as to testimony on the Grand Larceny in the Second Degree, apparently would totally be to be determined by the Assistant District Attorney. He will not sign a waiver as to that case. He will only sign a waiver as to the case he wishes to testify on. He wishes to offer no testimony on Grand Larceny in the Second Degree. For that reason, unless the waiver he signs only pertains to the assault, the Attempted Assault in the Second Degree, he will not testify.
“mr. hinrichs: For the record as I indicated, the matter would be presented separately and the testimony would be concerning only the Attempted Assault in the Second Degree. However, prior to Mr. Scott testifying in that regard, we would require a general Waiver of Immunity for any and all crimes including the Grand Larceny and any other potential crime there could be testimony about that I could be unaware of at this time.”
The question therefore is whether a defendant, who is charged with two separate and distinct crimes, occurring 10 days apart from each other, and who desires to testify before the Grand Jury as to one incident, but not the other, must sign a general waiver of immunity before he is permitted to exercise his right to testify. This court concludes:
A defendant’s appearance before the Grand Jury as a witness is governed by CPL 190.50 and 190.45. Said statutes provide, in pertinent part as follows:
“5. Although not called as a witness by the people or at the instance of the grand jury, a person has a right to be a *360 witness in a grand jury proceeding under circumstances prescribed in this subdivision:
“(a) When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor’s information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent * * *
“(b) Upon service upon the district attorney of a notice requesting appearance before a grand jury pursuant to paragraph (a), the district attorney must notify the foreman of the grand jury of such request, and must subsequently serve upon the applicant, at the address specified by him, a notice that he will be heard by the grand jury at a given time and place. Upon appearing at such time and place, and upon signing and submitting to the grand jury a waiver of immunity pursuant to section 190.45, such person must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration. Upon giving such evidence, he is subject to examination by the people.
“(c) Any indictment or direction to file a prosecutor’s information obtained or filed in violation of the provisions of paragraph (a) or (b) is invalid, and, upon a motion made pursuant to section 170.50 or section 210.20, must be dismissed”. (CPL 190.50 [emphasis added].)
The People acknowledge the defendant’s right to appear before the Grand Jury. However, it is their position that said right is expressly conditioned on the execution and submission of a waiver of immunity prior to testifying. (CPL 190.50, subd 5, par [b].)
It is important therefore to examine CPL 190.45 as to the waiver of immunity to be employed. “4. If a grand jury witness subscribes and swears to a waiver of immunity upon a written agreement with the district attorney that the interrogation will be limited to certain specified subjects, matters or areas of conduct, and if after the commencement of his testimony he is interrogated and testifies *361 concerning another subject, matter or area of conduct not included in such written agreement, he receives immunity with respect to any further testimony which he may give concerning such other subject, matter or area of conduct and the waiver of immunity is to that extent ineffective.”
This statute provides both a practical opportunity for the defendant to testify as to the attempted assault charge and yet a potentially dangerous result of providing the defendant with immunity from prosecution of the grand larceny charge. Case law abounds with instances of unintended immunity conferred on a witness when responsively answering questions before the Grand Jury. Sometimes even the most innocuous questioning of a witness has been found to be responsive, substantial and material to a criminal charge. A prosecutor’s reluctance to permit a defendant or potential defendant from testifying before a Grand Jury without a waiver of immunity is easily understandable when one examines decisions such as the following: Matter of Carey v Kitson (93 AD2d 50); People v Williams (81 AD2d 418); Matter of Brockway v Monroe (59 NY2d 179, revg 89 AD2d 771); People v Sobotker (117 Misc 2d 394 [App Term, 2d Dept]; see 110 Misc 2d 269); People v McFarlan (42 NY2d 896, revg 52 AD2d 112); People v Pardo (81 AD2d 530; see 92 Misc 2d 985); People v Lieverman (94 Misc 2d 737); and People v Gerald (91 Misc 2d 509).
The above cases are replete with warnings to prosecutors as to potential consequences of a defendant testifying at the Grand Jury. “This case should again serve as a reminder to law enforcement officials of the consequences of calling a witness before a Grand Jury without obtaining a waiver of immunity. In the absence of such a waiver, the responses of the witness to questions posed by the prosecutor, may, as in the case at bar, clothe the witness with immunity from prosecution for any transaction concerning which he gave testimony.” (Matter of Carey v Kitson, supra, at p 64.)
However, the above concern of the prosecutor must give way to the constitutional privilege against self incrimination. In fact, the immunity statute was created “to reaffirm the traditional New York concept that when a witness is *362 compelled to yield his privilege against self incrimination, he should, be granted transactional immunity, i.e., immunity from prosecution for any transaction concerning which he was compelled to give evidence [citations omitted].” (People v McFarlan, 89 Misc 2d 905, 907.) The privilege exists to protect a witness from “being compelled to furnish evidence to convict him of a criminal charge” (Brown v Walker, 161 US 591, 605-606).
In the instant case the defendant has clearly invoked the privilege as to the grand larceny charge and intends to offer no testimony as to said matter. The defendant, however, did desire to testify as to the separate attempted assault charge and was willing to execute and submit a waiver of immunity as to that charge. The District Attorney agreed to present the charges as two separate indictments, beginning with the attempted assault. However, the prosecutor, while stating that he had no intention of expanding the questioning beyond the scope of the attempted assault, demanded as a precondition to any testimony that the defendant sign a “general waiver of immunity for any and all crimes including the Grand Larceny and any other potential crime there could be testimony about that I could be unaware of at this time.” The District Attorney’s desire for a general waiver was addressed to the potential occurrence of the defendant testifying as to the grand larceny and thereby the defendant would open the door to full cross-examination as to that charge without conferring immunity. The practical application of the District Attorney’s position is to place the defendant in a position where in order to testify as to the attempted assault, to which he has a statutory right, he must waive immunity, i.e., waive his privilege against self incrimination as to the grand larceny charge. If he still insisted upon invoking the privilege before the Grand Jury, he thereafter would face contempt charges upon his refusal to testify as to the grand larceny. In any event, the testimony of the defendant before the Grand Jury could subsequently be utilized by the prosecution as part of the direct case upon the trial. Defense counsel in this instance correctly objected to the District Attorney’s interpretation of the various controlling statutes, as the legal advisor of the Grand *363 Jury, as to whether or not the testimony by the defendant opens the door to the grand larceny charge.
CPL 190.40 focuses particularly on the testimony of a witness before a Grand Jury and clearly states as follows:
“1. Every witness in a grand jury proceeding must give any evidence legally requested of him regardless of any protest or belief on his part that it may tend to incriminate him.
“2. A witness who gives evidence in a grand jury proceeding receives immunity unless:
“(a) He has effectively waived such immunity pursuant to section 190.45; or
“(b) Such evidence is not responsive to any inquiry and is gratuitously given or volunteered by the witness with knowledge that it is not responsive”.
Therefore, when a defendant, who testifies before a Grand Jury, and in his opening statement before that body prior to being subjected to examination by the People (CPL 190.50, subd 5, par [b]), attempts to interject testimony of his conduct or actions outside of the scope of the present inquiry to which he has waived immunity, such evidence “is gratuitously given or volunteered”, under the above-quoted statute. The possibility of unintended immunity can therefore only arise upon questioning from the District Attorney which is not limited to the inquiry in question. If the questioning is limited in scope and pertinent to the inquiry, nonresponsive or bad-faith answers by a defendant will not be the basis for transactional immunity from prosecution (see CPL 190.40, subd 2, par [b]; People v Petgen, 92 AD2d 693).
This court notes that a high burden is placed on the prosecutor to establish nonresponsiveness (see Matter of Brockway v Monroe, supra, at p 189). However, the comments from the Appellate Division, Second Department, in People v Williams (81 AD2d 418, 425) with regard to the standard of strict statutory adherence and the concomitant problems for the unwary, are important to this determination. “The constitutional privilege and the benefits of CPL 50.10 and 190.40 do not depend on the attitude or intentions of the prosecutor. Neither do they depend on the *364 effect of the witness’ testimony in exposing him, without more, to conviction for the commission of a crime. Perhaps, as a result of the privilege and the plain language of the statutory protection, a heightened sense of caution on the part of the prosecutor is commended before witnesses are examined before a Grand Jury, lest the witness receive transactional immunity through his testimony from liability for the crime under investigation. Nevertheless, that is a judgment determined by the Legislature, after presumably balancing the detriments to the community with the rights of the individual in maintaining constitutional liberty.”
To require this defendant to execute a general waiver of immunity as to the grand larceny charge as a precondition to his testimony on the attempted assault presentation, would raise an additional issue of coercion or involuntariness of the waiver. For a waiver to be effective it must be voluntary and not induced by improper means (Gardner v Broderick, 392 US 273; People v Guidarelli, 22 AD2d 336). Since this defendant refused to sign said waiver of immunity this issue need not be addressed here. The defendant properly brought this instant motion instead of seeking a prior judicial authoritative ruling on the scope of his immunity, since the legal advisor to the Grand Jury, in the first instance, is the District Attorney. (People v Frank, 101 Misc 2d 736, see 83 AD2d 642.)
From all of the above, it must be concluded that the defendant was not properly accorded an opportunity to appear and testify before the Grand Jury as to the attempted assault in the second degree charge.
As to the first count of the indictment, this court finds that the evidence submitted to the Grand Jury, while of a circumstantial nature, was legally sufficient to support the charge of grand larceny in the second degree.
It is therefore, ordered, that the motion by defendant to dismiss the indictment pursuant to CPL 210.35, is granted only to the extent that count two of said indictment, charging the defendant with attempted assault in the second degree, is dismissed upon the condition that within 10 days after service of this order upon defendant’s counsel, the defendant executes, in writing, the limited waiver of *365 immunity as provided by law for an appearance before the Grand Jury and so appears and testifies and it is further, ordered, that the evidence submitted in support of count one, charging the defendant with grand larceny in the second degree is legally sufficient to support the indictment.