■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED A. HIGLEY, Appellant.—Casey, J. Appeal from a judgment of the County Court of Ulster County (Fromer, J.), rendered March 5, 1985, upon a verdict convicting defendant of two counts of the crime of violation of General Municipal Law § 801.

Defendant is president of Onteora Enterprises, a New York corporation located in Ulster County that operates two retail grocery stores and a wholesale meat provisions company, named Al's Wholesale Meats (Al's). Through Onteora and Al's, defendant, as a member of the county's list of vendors, frequently submitted and often was awarded contracts as the lowest bidder to supply foodstuffs to various county agencies. The bids were solicited about every three months. In 1981, Al's provided foodstuffs to the county pursuant to awarded contracts in the amount of $35,623.65. During that year, defendant was elected to a position on the County Legislature. In 1981, Al's was paid $9,714.94 by the county for products provided. However, in 1982, the Deputy Purchasing Agent for the county contacted defendant concerning a bid he had submitted and informed him that his bids could no longer be considered because of a potential conflict of interest. Defendant inquired whether Al's could bid if he had no association with that company. The inquiry was referred to the County Attorney, who replied that defendant had to divest himself of any interest in Al's if he wished to submit further bids. Thereafter, no further bids from Al's were submitted.

On January 5, 1983, a certificate of doing business from M & D Provisions Distributing Company (M & D) was filed in the County Clerk's office by Dawn Bubar and her husband, Michael. Dawn Bubar is defendant's sister. As a result of this filing, M & D was added to the county's list of vendors and became a regular bidder for county contracts and was awarded a number of them. Once M & D commenced bidding, no further bids were submitted by Al's or Onteora.

Defendant was indicted for alleged violations of General Municipal Law § 801 (two counts) and § 803 (two counts). Only the violations of section 801 were submitted to the jury. Defendant was convicted on both counts and fined $1,000 on each count.

On this appeal, defendant argues the legal insufficiency of the proof to support his convictions. We disagree. Reviewing the trial evidence in a light most favorable to the People (see, People v Kennedy, 47 NY2d 196, 203), it appears that defendant stipulated that he never disclosed any actual or prospective interest he might have had in M & D. The essence of the prosecution's testimony was that M & D was a "dummy corporation" through which Al's conducted business with the county. This position was supported by the fact that checks payable to M & D were withdrawn from its bank account a day or two after their deposit and checks in like amounts were deposited in Al's bank account; M & D worked out of Al's; M & D had no employees of its own; the Bubars were employees of Onteora, as were all drivers for M & D; the products delivered by M & D were obtained from Al's coolers; M & D had no delivery trucks of its own and used one of Al's trucks which had been repainted to make Al's markings invisible; M & D paid no rental to Al's for use of the truck; and defendant handled a customer complaint for M & D. This proof created at least a jury question as to whether defendant formed M & D to carry on business with the county surreptitiously. In quantity and quality, the evidence is more than sufficient to support the verdict. (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932).

Defendant further argues that the waiver of immunity executed by him before the Grand Jury did not comply with CPL 190.45 (2). Contrary to this contention, defendant, after being summoned before the Grand Jury, was told that he was the subject of allegations of a possible conflict of interest and that he would be required to waive immunity in order to answer questions; defendant was not threatened or coerced and he had consulted with his attorney. Only then was defendant sworn and questioned before the Grand Jury. This procedure substantially complied with the purpose and intent of CPL 190.45 (see, People v Petgen, 92 AD2d 693; People v Lyon, 82 AD2d 516, 529).

Additionally, we have examined the indictment now alleged by defendant to be defective and find that it is not so (People v Iannone, 45 NY2d 589, 598-599). Furthermore, we do not perceive error in County Court's failure to charge the statu-

tory exceptions to General Municipal Law § 801 which are contained in section 802. The exceptions were not shown to be applicable.

Finally, in our opinion, defendant's claim of selective prosecution is untenable. As noted by County Court, there is a "discernible basis" upon which the prosecution could select defendant for prosecution and not other County Legislators who might have been involved in similar activity. The other alleged violators disclosed their interests, while defendant was prosecuted because of the deliberate nature of his violation (see, Matter of Dora P., 68 AD2d 719, 732-733). The judgment of County Court should, therefore, be affirmed.

Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.