OPINION OF THE COURT
Richard J. Goldman, J.
Defendant moves to dismiss the indictment on the ground *776 that the Grand Jury proceeding was "defective” (CPL 210.20 [1] [c]; 210.35 [4]) in that the People’s failure to allow him to testify before the Grand Jury under a "limited” waiver of immunity constituted a denial of his statutory right to appear and testify before that body (CPL 190.50 [5]).[1]
Defendant was charged, in a felony complaint, inter alla, with robbery in the first degree and criminal possession of a weapon in the second degree.. On February 3, 1986, upon learning that the People were about to present evidence to a Grand Jury, defendant gave notice of his intent to appear and testify before that body (CPL 190.50 [5]). On February 13, 1986, defendant’s attorney sent a handwritten letter to the People, confirming an earlier conversation, stating that since the People were presenting only the weapon charge, defendant requests that he be permitted to sign a waiver of immunity only as to this charge. Defense counsel also asked for a judicial ruling if the People failed to grant this request. On February 14, 1986, the People sent a letter to defense counsel stating that, in confirmation of an earlier conversation, it was understood that defendant did not wish to testify if only the weapon charge was presented. Accordingly, only this charge was presented to the Grand Jury and an indictment was voted charging defendant with criminal possession of a weapon in the third degree.
The People maintain that defense counsel’s letter misconstrued their initial oral conversation and that the parties had a second oral conversation after counsel’s letter where they resolved their misunderstanding. The People further contend that their letter reflected the agreement reached at this subsequent conversation. Defendant, however, does not admit that any second conversation occurred. Rather, defendant asserts that the People’s letter was written in response to their initial conversation and incorrectly stated defendant’s position.
For the purposes of this decision, the court accepts defendant’s statement of the facts.
*777 Whether a defendant is entitled, as a matter of right, to testify under a "limited” waiver of immunity[2] is subject to divergent views by nisi prius courts.
In People v Scott (124 Misc 2d 357), the court ruled that defendant was entitled to execute a waiver of immunity as to an attempted assault charge and retain immunity as to a grand larceny charge, notwithstanding the prosecutor’s insistence on a general waiver of immunity (supra, at 364-365). The court reasoned that by testifying under a general waiver of immunity, defendant would be denied his Fifth Amendment privilege against self-incrimination, since he could be compelled to answer incriminatory questions regarding the grand larceny charge without the protection of immunity (supra, at 362). On the other hand, in People v Goetz (131 Misc 2d 1, affd 116 AD2d 316, revd on other grounds 68 NY2d 96), the court ruled that the prosecutor has discretion to determine whether to grant or deny a request for a "limited” waiver of immunity. The court then reviewed the prosecutor’s decision not to agree to a "limited” waiver and found no abuse of that discretion.
This court declines to follow Scott’s lead to the extent that it implies that a defendant may, without a showing of need, unilaterally avail himself of a "limited” waiver of immunity.[3] This court also disagrees with Goetz (People v Goetz, 131 Misc 2d 1, affd 116 AD2d 316, revd on other grounds 68 NY2d 96, supra), to the extent that it indicates that a prosecutor’s immunity decision before the Grand Jury are always reviewable for abuse of discretion.
CPL 190.45 (4) provides that a witness may testify under a "limited” waiver of immunity "upon a written agreement with *778 the district attorney”. This requires prosecutorial consent. In the case at bar, accepting defendant’s version of the events, the People declined to consent to such an agreement. Given the explicit statutory language, this decision was within their discretionary power.
While in the trial context, the prosecutor’s immunity decisions are subject to a restricted review under a due process analysis (People v Priester, 98 AD2d 820, 821), different concerns are present at a Grand Jury proceeding. In the trial situation, due process requires that immunity decisions be balanced against defendant’s constitutional right to present a defense (People v Owens, 63 NY2d 824, 825; People v Adams, 53 NY2d 241, 247; People v Shapiro, 50 NY2d 747, 760). On the other hand, the Grand Jury proceeding is not adversarial in nature (People v Lancaster, 69 NY2d 20, 26; People v Brewster, 63 NY2d 419, 422). Defendant does not have a constitutional right to present evidence to the Grand Jury, nor does a defendant have a constitutional right to confront witnesses before the Grand Jury (People v Scalise, 70 AD2d 346, 350). Defendant also does not have a constitutional right to testify before a Grand Jury (People v Mead, 16 Misc 2d 171, 172, affd 11 AD2d 600; United States v Ciambrone, 601 F2d 616, 622-623; Ronson v Commissioner of Correction of State of N. Y., 551 F Supp 450, affd 742 F2d 1446, cert denied 469 US 841, reh denied 469 US 1143). Thus, there is no constitutional right of defendant to balance against the District Attorney’s discretion in granting or denying immunity before the Grand Jury. There is a statutory right to appear and testify before the Grand Jury (People v Ferrara, 99 AD2d 257, 260). Further, unlike the petit jury, "[t]he Grand Jury is not * * * charged with the ultimate responsibility of determining the guilt or innocence of the accused” (People v Calbud, Inc., 49 NY2d 389, 394), and the trial’s concern of ascertaining the truth (United States v Turkish, 623 F2d 769, 774-775, cert denied 449 US 1077) is not as predominant. Therefore, the main justifications for reviewing the prosecutor’s conduct in the area of immunity at trial are not present in the Grand Jury context.[4]
Assuming, arguendo, however, that there are times when *779 immunity decisions at Grand Jury proceedings are reviewable for abuse of discretion, this case is clearly not one of them. In People v Lane (56 NY2d 1), the Court of Appeals held that to oppose a motion seeking to consolidate indictments charging two separate criminal transactions, a defendant wishing to testify as to one criminal transaction but not the other must make " 'a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other’ ” (People v Lane, supra, at 8, quoting with approval Baker v United States, 401 F2d 958, 977, on remand 430 F2d 499, cert denied 400 US 965). Since the consolidation issue arises at trial where the constitutional rights to testify, to confront witnesses against a defendant and to present evidence are more significant than at the Grand Jury, this court would adopt the Lane test as the minimal showing required of a defendant to challenge the prosecutor’s immunity discretion before the Grand Jury.
Here, defendant has not satisfied this test. His conclusory assertions of his need to testify regarding his alleged innocent possession of the weapon and to remain silent on the robbery charge is insufficient to meet this test (People v Anderson, 118 AD2d 788, 789; People v Simpkins, 110 AD2d 790, 792; cf., People v Shapiro, 50 NY2d 747, 757, supra). Therefore, this court will not review the People’s decision for abuse of discretion.
CONCLUSION
The People’s decision not to allow defendant to testify before the Grand Jury under a "limited” waiver of immunity was within their discretionary authority. Therefore, defendant was not denied his statutory right to appear and testify before that body (CPL 190.50 [5]). Accordingly, the Grand Jury proceeding was not "defective” (CPL 210.20 [1] [c]; 210.35 [4]).
Defendant’s motion is denied.

. CPL 190.50 (5) (c), provides that such a motion "must be made not more than five days after the defendant has been arraigned upon the indictment”. The People contend that the instant motion is not timely, since it was not made by defense counsel until January 15, 1987, defendant having been arraigned on March 26, 1986. The People’s contention is without merit. This court is not considering the motion made by defense counsel. Rather, this court is now deciding defendant’s pro se motion, made March 29, 1986, which has not previously been decided by any Judge of this court.

. A defendant, prior to exercising his right to testify before a Grand Jury (CPL 190.50 [5]), must execute a "waiver of immunity pursuant to [CPL] 190.45” (CPL 190.50 [5] [b]). CPL 190.45 (4) provides, as one type of waiver, a "limited” waiver of immunity. This entails a defendant agreeing to waive his constitutional rights only as to particular subjects and not others.

. Scott’s concern that, by the prosecutor demanding a general waiver of immunity, the defendant is forced to yield his privilege against self-incrimination on one charge so he can testify on the other is unfounded. By voluntarily testifying, defendant waives the Fifth Amendment privilege as to matters within the bounds of appropriate cross-examination (Fitzpatrick v United States, 178 US 304, 315; People v Bridget, 73 AD2d 291, 298-299, quoting with approval People v Tice, 131 NY 651, 656-657; People v Shapiro, 308 NY 453, 458). Since nothing indicates that the Fifth Amendment protection still lies, defendant would not be compelled to yield this privilege; rather, it would have been waived.

. It is for this reason that this court disagrees with People v Goetz (131 Misc 2d 1). For support of its proposition that the prosecutor’s immunity decisions before the Grand Jury are reviewable for abuse, Goetz cites People v Adams (53 NY2d 241). However, that case concerns a prosecutor’s immunity decision at trial, not before the Grand Jury. Given the differences between the two proceedings, this court cannot analogize the two situations.