THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM BAKER, Respondent. [638 NYS2d 784]

Prior to testifying before the Grand Jury with respect to Indictment No. 5932/94, the defendant signed a document entitled "Waiver of Immunity Before Grand Jury Ind. No. 5932/94", stating he was waiving "all immunities and privileges from self-incrimination that I might otherwise be entitled to receive as a result of testifying in said Grand Jury proceeding". He then swore before the Grand Jury that the statements contained in his waiver of immunity were true *(see, People v Cole,* 196 AD2d 634).

We find that that document cannot be construed as "a written agreement with the district attorney that the interrogation will be limited to certain specified subjects" (CPL 190.45 [4]; *People v Vargas,* 150 Misc 2d 1053; *People v Griffin,* 135 Misc 2d 775; *People v Coppola,* 123 Misc 2d 31).

Further, prior to his appearance before the Grand Jury, the prosecutor informed the defendant that she would not grant him limited immunity. Therefore, it is inconceivable that he interpreted the document as a limited waiver of immunity.

Accordingly, his testimony before the Grand Jury did not afford him transactional immunity *(see,* CPL 190.45 [1]).

We note that the validity of Indictment No. 5932/94 is not before us. Therefore, we do not reach the question of whether the defendant's right to testify before the Grand Jury with respect to Indictment No. 5932/94 pursuant to the principles enunciated in *People v Smith* (87 NY2d 715) was in any way infringed. Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.